1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES A. MURPHY,

        Plaintiff,

  v.

J.B. HUNT TRANSPORT SERVICES,
INC., and DOES 1 through 10, inclusive,

        Defendants.

————————————————————/

No. C 10-01568 WHA

**ORDER DENYING
DEFENDANT'S MOTION
TO STAY ACTION AND
VACATING HEARING**

**INTRODUCTION**

      In this employment discrimination action, defendant J. B. Hunt Transport, Inc., moves
to stay the proceedings.  Defendant seeks this delay because one of the four claims against
defendant, for nonpayment of wages for regular meal-and-rest periods, involves a legal issue
currently under review in a case before the California Supreme Court.  For the reasons stated
below, defendant's motion to stay is **DENIED**.*

**STATEMENT**

      Plaintiff James A. Murphy was an employee of defendant until March 2009, when he was
terminated.  Plaintiff sued in state court for discrimination on the basis of his actual or perceived
disability and for compensation for regular meal-and-rest periods.  Defendant removed the action.

---

      * J.B. Hunt Transport, Inc., was apparently erroneously sued as J. B. Hunt Transport Services,
Inc., but has participated as a party to the action nonetheless.

1   Plaintiff filed four claims against defendant, three of which alleged discrimination.

2   Plaintiff's fourth claim charged that defendant failed to provide him with required rest and

3   meal breaks in violation of the California Labor Code.  Defendant moves to stay this case

4   pending the resolution of *Brinker Restaurant Corp. v. Superior Court*, 196 P.3d 216 (Oct. 22,

5   2008).  *Brinker* is pending before the California Supreme Court.  The legal issue in *Brinker* is

6   whether the California Labor Code requires employers to affirmatively ensure that employees

7   take rest and meal breaks.

8          Defendant previously moved to stay this action in April 2010.  Defendant argued at

9   that time for dismissal of the fourth claim or to stay the action pending the resolution of the

10  class-action in *Ortega v. J. B. Hunt Transport, Inc.*, Case No. 2:07-cv-08336 FMC-JCx, in the

11  Central District of California.  Defendant asserted that plaintiff's fourth claim was duplicative of

12  those brought by the *Ortega* class representatives and that hearing the claim would be a waste of

13  judicial resources.  In May 2010, however, plaintiff submitted a sworn declaration certifying that

14  he would opt out of the *Ortega* class action.  Defendant's motion to dismiss or stay was denied.

**ANALYSIS**

16         The May 25 order addressing defendant's prior motion to stay noted that because plaintiff

17  would opt out of *Ortega*, there was no point in dismissal or stay.  "Plaintiff will not be bound by

18  the judgment there.  Plus, there are other claims here that have nothing to do with *Ortega* . . .

19  It is time to get our own case moving.  There is no occasion for delay" (Dkt. 24).  This order finds

20  that the same reasoning applies and defendant's argument fails.

21         The proponent of a stay bears the burden of establishing its need.  *Clinton v. Jones*,

22  520 U.S. 681, 708 (1997).  In determining whether to stay an action three competing interests

23  must be weighed:  (1) the possible damage which may result from granting the stay; (2) the

24  hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly

25  course of justice measured in terms of simplifying or complicating of issues, proof, and questions

26  of law expected to result from a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

27         In the instant action, defendant has not established its burden for any of the three

28  competing interests.  *First*, the possible damage to plaintiff resulting from a stay is far greater

1    than the potential damage to defendant.  Plaintiff filed four claims against defendant, three of

2    which related to employment discrimination.  While the California Supreme Court is addressing a

3    legal issue related to the fourth claim, the decision in *Brinker* will not impact the other three

4    claims in this case whatsoever.  Making plaintiff wait, potentially for several months, for a

5    decision that will not impact the primary focus of plaintiff's claims against defendant is

6    prejudicial and damaging to plaintiff.  Defendant argues that plaintiff will suffer little to no

7    damage as a result of a stay, but this argument ignores the cost plaintiff must incur to wait to

8    make his case in court.

9         *Second*, the hardship on defendant going forward is minimal.  Defendant argues that

10   additional substantial discovery relating to plaintiff's fourth claim will be required without a stay.

11   Plaintiff correctly points out, however, that additional discovery will actually be minimal because

12   the facts of the instant case will not change.  If *Brinker* is decided before this case ends and the

13   California Supreme Court clarifies the California Labor Code in regard to meal-and-rest breaks,

14   the parties can argue that standard in this case.  During discovery, however, both parties must

15   gather all the facts related to the fourth claim, and doing so will be necessary no matter how

16   *Brinker* is resolved.  The impact on defendant is minimal.

17        *Third*, the orderly course of justice is best served by moving forward.  Defendant does not

18   make a compelling argument as to why granting a stay would provide for better justice in this

19   case.  The potential prejudice to plaintiff is large if a stay is granted and the impact on defendant

20   of moving forward without a stay is minimal.  The time has come to proceed with this case.

21                                        **CONCLUSION**

22        For the foregoing reasons, defendant's motion to stay is **DENIED**.  The hearing on the

23   motion is **VACATED**.

24

25        **IT IS SO ORDERED.**

26   Dated:  October 5, 2010.

27                                        WILLIAM ALSUP
                                         UNITED STATES DISTRICT JUDGE

28